JAMES B. McDONALD, Treasurer, *vs.* THOMAS S. LAUGHLIN.

Cumberland.   Opinion February 24, 1883.

*Promissory notes.   Actions.   Assignees of choses in actions.   Stat. 1874, c. 235.*

An action on a note made payable to the treasurer, without naming him, of a society, should be brought in the name of the treasurer in office at the date of the writ, if the note is then the property of the society; and may be so brought by the assignee, if the note has been assigned.

Stat. 1874, c. 235, authorizes but does not require, assignees of choses in action, assigned in writing, to bring actions upon them in their own names.

ON EXCEPTIONS from superior court.

Assumpsit on a promissory note payable to "the treasurer of the India Street Universalist Society, or order." The writ was dated July 14, 1881. McDonald was then the treasurer of the society, but was not the treasurer at the time the note was given. Plea, general issue. The opinion states other facts.

*P. J. Larrabee*, for the plaintiff, cited: *Stone* v. *Hubbard*, 7 Cush. 595; *Hodges* v. *Holland*, 19 Pick. 43; *Titcomb* v. *Thomas*, 5 Maine, 282; *Rockwood* v. *Brown*, 1 Gray, 261;

*Penobscol R. R. Co.* v. *Mayo*, 60 Maine, 313; *Pollard* v. *Somerset M. F. Ins. Co.* 42 Maine, 221.

*T. H. Haskell*, for the defendant.

The evidence shows a promise to the society, or its order, only. The action must be in its name, or the name of the indorsee. *Piggott* v. *Thompson*, 3 Bosanquet and Pullers, 147; *Gilmore* v. *Pope*, 5 Mass. 491; *Com. Bank* v. *French*, 21 Pick. 486.

In *Fisher* v. *Ellis*, 3 Pick. 321, and *Tainter* v. *Winter*, 53 Maine, 348, the promise was to the treasurer by name, and to his successors in office.

In *Thompson* v. *Page*, 1 Met. 565, the action was upon a special agreement to pay to the treasurer to be chosen by the majority of the subscribers to stock. The promise was not to an incorporated body, but to a particular person, when selected to receive the fruit of the promise.

The promise is negotiable. It is to the treasurer or order. When the society assigned the note it no longer had any interest in it. The courts have authorized a suit to be in the name of the assignor to protect an equitable assignment; but, since the statute the reason fails, because the assignee may now maintain an action in his own name, and the rule is extinguished. Moreover, the assignment negotiated the note.

There is no reason why the assignee should use the plaintiff's name to sue, without his consent. *Ticonic Bank* v. *Bagley*, 68 Maine, 252; *Marshall* v. *Perkins*, 72 Maine, 347.

SYMONDS, J. "According to the modern decisions, courts of law recognize the assignment of a chose in action, so far as to vest an equitable interest in the assignee, and authorize him to bring an action in the name of the assignor, and recover a judgment for his own benefit."

This rule, stated by SHAW, C. J., in *Palmer* v. *Merrill*, 6 Cush. 286, has been repeatedly recognized in this state, as the cases cited for the plaintiff sufficiently show.

The note in suit was payable to the order of the treasurer of

the India Street Universalist Society, and was the property of that society. It was never indorsed to the plaintiff in interest, Colesworthy, but was sold and assigned in writing to him, with other notes, by an authorized committee of the society on May 24, 1880, before this action was brought. While the note remained the property of the society, an action upon it might at any time after maturity have been brought in the name of the treasurer then in office. The legal liability nominally ran to the person who was treasurer at the date of the writ. He was a proper nominal plaintiff, just as if the note had been payable to the then acting treasurer by name, and to his successors in that office. *Tainter* v. *Winter*, 53 Maine, 348.

Upon assignment of the note, this right of action passed to the assignee, the right to sue in the name of the treasurer, just as the society might have done before they sold the note. It does not appear that either the treasurer or the society have ever objected to this use of the treasurer's name. Why should the debtor? " As a general rule, it is a right of the vendee, incidental to the sale of a chose in action not negotiable either in form or in fact, to sue in the name of the vendor. . . . At any rate, it is for the vendor of the chose in action to object, on account of the costs or for any reason, not for the debtor." *Pitts* v. *Holmes*, 10 Cush. 97; *Amherst Academy* v. *Cowles*, 6 Pick. 439.

The act of 1874, c. 235, authorizes, but does not require, assignees of choses in action assigned in writing to bring actions upon them in their own names. There is nothing in it to limit or exclude remedies previously existing.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.